UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BANK UNITED,

    Plaintiff,

    v.

DAMIAN PETERS,

    Defendant.

_____/

No. C 11-1756 PJH

**ORDER GRANTING MOTION TO REMAND**

    Before the court is the motion of plaintiff BankUnited for an order remanding the above-entitled action to the Superior Court of California, County of Sonoma. Defendant filed an opposition to the motion on May 17, 2011. Having reviewed the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

    A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of remanding case to state court).

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The complaint at issue, which was filed in Sonoma County Superior Court on March 11, 2011, alleges a single cause of action under state law, for unlawful detainer to recover possession of property following a non-judicial foreclosure sale of the property on February 18, 2011. Following the sale, defendant Damian Peters remained in possession of the premises without BankUnited's permission. On February 28, 2011, BankUnited served defendant with a three-day notice to vacate the property.

The complaint alleges that as of the date the complaint was filed, defendant remained in possession of the property. The complaint was filed as a "Limited Civil Case," and specifies on the caption page, "Demand under $10,000." The complaint seeks restitution of the property; an amount equal to the reasonable rental value of the property, "approximately $50.00" for each day from the date of expiration of the three-day notice that defendant remains in possession of the property, until the date of judgment; plus costs of suit.

On April 8, 2011, defendant filed a notice of removal, asserting diversity jurisdiction. Defendant alleges that the parties are citizens of different states, and that the amount in controversy – which he asserts is the value of the property – exceeds $75,000. In the present motion, BankUnited argues that defendant has not met his burden of establishing that this court has subject matter jurisdiction.

Under 28 U.S.C. § 1447(c), the district court is required to remand state law claims

2

where the court lacks removal jurisdiction – that is, where there is no federal question or diversity jurisdiction. <u>Albingia Versicherungs A.G. v. Schenker Int'l, Inc.</u>, 344 F.3d 931, 936 (9th Cir. 2003). Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. <u>See</u> <u>Chen-Cheng Wang</u> ex rel. <u>United States v. FMC Corp.</u>, 975 F.2d 1412, 1415 (9th Cir. 1992).

In ruling on a motion to remand for lack of subject matter jurisdiction, the court looks only to the face of the complaint. <u>See</u> <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 n.2 (9th Cir. 1998); <u>see also</u> <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 692-93 (9th Cir. 2005). Here, the amount in controversy is not the assessed value or the sales value of the property. The complaint specifically states that the damages do not exceed $10,000. If BankUnited prevails against defendant in the unlawful detainer action, defendant's liability will be measured by the fair rental value of the property for the time he unlawfully occupied it. That amount will not exceed $75,000. Thus, defendant has not met his burden of establishing diversity jurisdiction. Further, the court finds no federal question pled in the unlawful detainer action.

Accordingly, as the court lacks subject matter jurisdiction, it is ORDERED that this case be remanded to the Sonoma County Superior Court. Because the court lacks subject matter jurisdiction, it cannot consider any of defendant's arguments that do not bear on the question of jurisdiction.

As the court finds that no hearing is necessary, the June 22, 2011 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: May 23, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

3